UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERRICK L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00189-JPH-MG |
| ) | |
| MARION COUNTY SHERIFF, ) | |
| SPECIAL DEPUTIES X2, ) | |
| ESKANAZI HOSPITAL, ) | |
| MARION COUNTY PUBLIC HEALTH ) | |
| DEPARTMENT, ) | |
| MARION COUNTY JAIL ONE, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Without Prejudice Motion for Leave to Proceed** *in Forma Pauperis*,
**Screening and Dismissing Complaint,**
**and Directing Plaintiff to Show Cause or File Amended Complaint**

Derrick L. Williams, an Indiana Department of Correction inmate incarcerated at the Putnamville Correctional Facility, filed this 42 U.S.C. § 1983 action on April 19, 2021. The Court makes the following rulings.

**I.** *In Forma Pauperis*

Mr. Williams' motion for leave to proceed *in forma pauperis*, dkt. [3], is **denied** because it is not accompanied by the required certified statement of the financial transactions in Mr. Williams' prisoner trust account for the six-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2). No later than **May 25, 2021**, Mr. Williams may file another motion for leave to proceed *in forma pauperis*, but it must be accompanied by the required statement of financial transactions.

## II. Screening Standard

Because Mr. Williams is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III. The Complaint

In his unsigned complaint, Mr. Williams names six defendants: (1) Marion County Sheriff; (2 & 3) two Special Deputies; (4) Eskanazi Hospital; (5) Marion County Public Health Department; and (6) Marion County Jail One. He seeks six million dollars in compensatory damages.

Mr. Williams alleges that two "special deputies for the courts" used unnecessary and excessive force on him causing injuries to his head, neck, arms, ribs, and foot. Dkt. 2 at 2-3. He was taken to a hospital eight days later, but the emergency room doctor would "not look at me because I was Marion County problem." *Id.* at 3. A Marion County doctor did not help him. *Id.*

### IV. Discussion

Applying the screening standard set forth in Section II to the summary of facts in Section III, the complaint must be **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

First, the complaint is not signed. Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, or other paper to "be signed by . . . a party personally if the party is unrepresented." For this reason, the complaint must be **dismissed**.

Second, a jail is not a suable entity in Indiana. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Any claims against the Marion County Jail One are **dismissed** for failure to state a claim upon which relief can be granted.

Third, there are no allegations made against Eskanazi Hospital, the Marion County Public Health Department, or the Marion County Sheriff. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."))

If Mr. Williams' intention was to bring a claim against the Sheriff for the actions of the two special deputies, it cannot succeed based on vicarious or employer liability because there is no employer liability under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) (holding that public employees may be held liable for their own decisions and policies but are not liable

under the doctrine of respondeat superior for the acts, decisions, and policies of other persons); *Monell v. N.Y.C. Dep't of Soc. Servs,*, 436 U.S. 658, 691–94, (1978) (same); *Gaston v. Ghosh*, 920 F.3d 493, 495-96 (7th Cir. 2019) (same and citing to *Iqbal*, 556 U.S. at 676-77; *Monell*, 436 U.S. at 691-94.). And Mr. Williams has not alleged that he was harmed by a Sheriff's policy under *Monell*. Any claims against Eskanazi Hospital, the Marion County Public Health Department, and the Marion County Sheriff are **dismissed** for failure to state a claim upon which relief can be granted.

Fourth, and finally, are the claims made against "Special Deputies X2." This designation of the defendants, without more, is not sufficient to identify the persons who may be sued. There is a lack of information in the complaint to sufficiently narrow the field of possible defendants and allow Marion County officials to identify the special deputies. The complaint is vague as to the date and time of the excessive force incident, although Mr. Williams alleges he awakened on November 18, 2020, naked and hurting all over. Dkt. 2 at 3. The location of the event is not clear. The first sentence of the factual allegations refers to "two special deputies for the courts." *Id.* at 2. In a later allegation Mr. Williams pleads that the incident happened "in video court." It is unclear whether the incident occurred at the Marion County Jail One or in a courthouse.

Thus, "Special Deputies X2" are an anonymous, or John Doe, designation. Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985); *see generally Sassi v. Breier*, 584 F.2d 234, 234-35 (7th Cir. 1978). The complaint is **dismissed** as to all claims against "Special Deputies X2."

## V. Show Cause or File Amended Complaint

No later than **May 25, 2021**, Mr. Williams may file an amended complaint that cures the deficiencies identified in this Order. An amended complaint must be signed and contain the words "Amended Complaint" and this action's case number – 2:21-cv-00189-JPH-MG – on the front page. The amended complaint, while needing to be short and plain, *see* Fed. R. Civ. P. 8(a)(2), must provide sufficient information to give the defendants fair notice of what they must defend. To sufficiently identify the "Special Deputies X2," Mr. Williams should, at a minimum, provide the date, time, and place of the incident. If the exact date and time are unknown, Mr. Williams should provide his best estimate. Alternatively, Mr. Williams may show cause no later than **May 25, 2021**, why his complaint should not have been dismissed and instead allowed to proceed.

## VI. Conclusion

For the reasons explained above, Mr. Williams' motion for leave to proceed *in forma pauperis*, dkt. [3], is **denied** without prejudice, and the complaint, dkt. [2], is **dismissed** for failure to state a claim upon which relief can be granted. Mr. Williams may file a renewed motion for leave to proceed *in forma pauperis and* either an amended complaint or show cause response, both no later than **May 25, 2021**. The failure to take these actions by this deadline will result in the dismissal of this action and entry of final judgment without further notice or opportunity to be heard.

**SO ORDERED.**

Date: 4/30/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Derrick L. Williams
112134
Putnamville Correctional Facility
Electronic Service Participant – Court Only