UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERRICK L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00189-JPH-MG |
| ) | |
| MARION COUNTY SHERIFF, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING THE AMENDED COMPLAINT**

Derrick Williams is an Indiana prisoner. He alleges that he was beaten by officers at Marion County Jail, forced to sit in another inmate's waste, and denied medical care. The amended complaint states First and Fourteenth Amendment claims against jail officers and medical staff. However, many of the defendants listed in the complaint are unnamed or not alleged to have been personally involved in this misconduct. He also raises a claim against Dr. Burgundy Stanley at Eskenazi hospital, but for the reasons explained below, he has not alleged that Dr. Stanley acted under color of state law.

Mr. Williams' claims will proceed against Sheriff Kerry Forestal in his official capacity. He will have a limited period to conduct discovery to identify the jail defendants and file a second amended complaint. All other claims and defendants are dismissed.

**I. SCREENING STANDARD**

Because Mr. Williams is a prisoner, the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The amended complaint

"must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE AMENDED COMPLAINT

Accepting the allegations as true as the Court must at this screening stage, Mr. Williams was a vocal critic of the way Marion County Jail officials responded to COVID-19. In retaliation for his complaints, two jail officers held his arms behind his back, slammed his head into a wall, brought him to the floor, and strangled him until he lost consciousness. Then, they dragged his body to a guard shack where the physical abuse continued. Four other jail officers witnessed this misconduct but did not try to stop it. Mr. Williams woke up and asked for medical care, but he was ignored. Instead, he was taken to solitary confinement. The floor of his cell was covered with another inmate's waste. He stayed there for two days.

The medical staff at the jail ignored Mr. Williams' continued requests for treatment. The harm he suffered was obvious—he couldn't walk, he had a head injury, and he was in cardiac distress—but they ordered him to return to his cell. Two days after the assault, he was finally sent to Eskenazi Hospital, where Dr. Burgundy Stanley gave him over-the-counter pain medication but refused to provide other treatment. Dr. Stanley said that Mr. Williams' condition was "Marion County's problem." Dkt. 15, p. 9.

The amended complaint does not say whether Mr. Williams was a pretrial detainee or a prisoner serving an executed sentence when these events occurred. The Court takes judicial notice

of *State v. Derrick Williams*, Indiana Criminal Case No. 49D28-2007-F5-22220, and finds that he was a pretrial detainee.

### III. DISCUSSION

Mr. Williams' amended complaint states retaliation, excessive force, and failure-to-protect claims against the jail officers who participated in or witnessed his assault. It also states conditions of confinement and medical claims against the jail officers and medical staff who placed him in a cell with another inmate's waste and ignored his requests for medical care. However, the amended complaint does not identify the defendants who engaged in this misconduct, and the Seventh Circuit disfavors claims against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

Most of the defendants who are identified in the amended complaint are not alleged to have been personally involved in the constitutional deprivations. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). The amended complaint does not allege any facts against defendants Marion County Public Health, Kerry Forestal, or Todd Larson. For this reason, Mr. Williams' municipal and individual-capacity claims may not proceed against these defendants.

Dr. Stanley allegedly refused to treat Mr. Williams at Eskenazi Hospital, saying that his condition was "Marion County's problem." Dkt. 15, p. 9. An inmate may state a claim against a physician at an outside hospital where he alleges the hospital has an "ongoing relationship" with his jail or prison. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 831-32 (7th Cir. 2009). A plaintiff may plead such an ongoing relationship by alleging that the hospital maintains a jail or prison ward. *Id.* However, a hospital that refuses to provide emergency services to an inmate, without more, does not act under color of state law for purposes of § 1983. *Id.* at 831.

Mr. Williams' complaint merely alleges that Dr. Stanley refused to provide him with emergency medical services. It does not allege that Eskenazi Hospital has an ongoing relationship with the Marion County Sheriff's Office, such that Dr. Stanley acted under color of state law. Accordingly, the claim against Dr. Stanley is **dismissed**.

Mr. Williams' First Amendment retaliation and Fourteenth Amendment excessive force, failure-to-protect, conditions of confinement, and medical claims **shall proceed against Sheriff Forestal in his official capacity**. Sheriff Forestal does not need to answer the allegations in the complaint. He just needs to appear in the action and respond to requests for discovery. After he appears, Mr. Williams will have **60 days to conduct discovery** for the limited purpose of identifying the unnamed jail defendants. After he conducts this discovery, he will have **30 more days to file an amended complaint** that names these defendants. If he does not file an amended complaint within 90 days of Sheriff Forestal's appearance, his claims arising from misconduct at the jail **will be dismissed without further warning**.

## IV. FURTHER PROCEEDINGS

Mr. Williams' First Amendment retaliation and Fourteenth Amendment excessive force, failure-to-protect, conditions of confinement, and medical claims **shall proceed** against Marion County Sheriff Kerry Forestal in his official capacity. After Sheriff Forestal appears, Mr. Williams will have 60 days to conduct discovery and 30 more days to file a second amended complaint. In his second amended complaint, he may also attempt to state a claim against Dr. Stanley. If he does not file a second amended complaint within 90 days of Sheriff Forestal's appearance, this action will be dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Sheriff Kerry Forestal in the manner specified by Rule 4(d). Process shall consist of the amended complaint,

dkt. [15], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to terminate all the defendants currently listed on the docket. The clerk shall add defendant Sheriff Kerry Forestal in his official capacity.

The **clerk is directed** to send Mr. Williams a blank prisoner complaint form with his copy of this Order. Mr. Williams must use this form if he chooses to file a second amended complaint. The second amended complaint will completely replace the first amended complaint. Thus, it must set forth every defendant, factual allegation, and legal claim he wants to pursue in this case. It must be titled "Second Amended Complaint" and include "Case No. 2:21-cv-189-JPH-MG" on the first page. If Mr. Williams files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: 10/7/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DERRICK L. WILLIAMS
112134
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

SHERIFF KERRY FORESTAL
Marion County Sheriff's Office
40 S. Alabama Street
Indianapolis, IN 46204

5